Christian Gabroy, Esq. (#8805)
Kaine Messer, Esq. (#14240)
GABROY LAW OFFICES
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:  (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Alyssa Faulstick*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALYSSA FAULSTICK, on behalf of herself and all other similarly situated, <br><br> Plaintiff, <br> vs. <br><br> STATION CASINOS LLC d/b/a and a/k/a KAOS DAYCLUB AND NIGHTCLUB; RED ROCK RESORTS, INC. d/b/a and a/k/a KAOS DAYCLUB AND NIGHTCLUB; EMPLOYEE(S)/AGENT(S) DOES 1-10; AND ROE CORPORATIONS 11-20, inclusive; <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT** <br><br> **(JURY DEMAND)** |

**CLASS ACTION COMPLAINT**

Plaintiff Alyssa Faulstick ("Plaintiff" or "Class Representative"), individually and on behalf of others similarly situated ("the Class"), by and through her attorneys, Gabroy Law Offices, for her Class Action Complaint against Defendant Station Casinos LLC d/b/a and a/k/a KAOS Dayclub And Nightclub and Defendant Red Rock Resorts, Inc. d/b/a and a/k/a KAOS Dayclub And Nightclub (collectively "Defendants"), states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Plaintiff's WARN Act claim pursuant to 29 U.S.C. § 2104(a)(5).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF CLAIMS

3.  Plaintiff Alyssa Faulstick, as class representative (the "Class Representative"), brings this lawsuit under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* ("WARN Act"), for Defendants' failure to pay her, and other similarly situated persons, for failure to give her, and other similarly situated persons, the required 60 day notice under the WARN Act. The true names and capacities, whether individual, corporate or other business entity, of Defendants DOES 1-10 and ROE corporation 11-20 are unknown to Plaintiff. These DOE/ROE defendants may be parent companies, subsidiary companies, owners, predecessor or successor entities, or business advisors, de facto partners, Plaintiff's employer, those holding control over Plaintiff's employment, those allegedly responsible for the allegations contained herein, or joint venturers of any Defendant. Plaintiff is informed and believes and therefore alleges that the Defendants designated herein DOES 1-10 and ROE corporations 11-20 were responsible in some manner for the events and happenings herein referred to and damages thereby to the Plaintiff as alleged herein and were "Employer(s)" of Plaintiff as that term is defined in the WARN Act. Plaintiff will petition this Court to amend this Complaint to insert the true names of each party designated as Doe and/or Roe Defendant when said parties are ascertained. Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

4.  Plaintiff hereby demands a jury trial on all issues triable by jury.

## THE PARTIES

5.  At all material times hereto, Plaintiff was Defendants' "employee," as that term is defined by the WARN Act.

6.  Plaintiff is a resident of Clark County, Nevada.

7.  Defendant Station Casinos LLC d/b/a and a/k/a KAOS Dayclub And Nightclub's principal place of business is located in Clark County, Nevada.

8. Defendant Red Rock Resorts, Inc. d/b/a and a/k/a KAOS Dayclub And Nightclub's principal place of business is located in Clark County, Nevada.

9. Based on information and belief, at all relevant times, Defendant Station Casinos LLC was a domestic limited-liability company listed with the Nevada Secretary of State, and doing business in Clark County, Nevada.

10. Based on information and belief, at all relevant times, Defendant Red Rock Resorts, Inc. was a foreign corporation listed with the Nevada Secretary of State, and doing business in Clark County, Nevada.

11. Defendant Station Casinos LLC d/b/a and a/k/a KAOS Dayclub And Nightclub, at all material times hereto, was Plaintiff's "employer" as that term is defined by the WARN Act.

12. Defendant Red Rock Resorts, Inc. d/b/a and a/k/a KAOS Dayclub And Nightclub, at all material times hereto, was Plaintiff's "employer" as that term is defined by the WARN Act.

13. Defendants, at all relevant times, were Plaintiff's employer.

**BACKGROUND FACTS**

14. At all material times hereto, Defendants operated, managed, and/or owned a casino and hotel using the name "Palms Casino Resort", located at 4321 W Flamingo Rd, Las Vegas, NV 89103.

15. At all material times hereto, Plaintiff worked as a cocktail server for Defendants at Defendants' "KAOS Dayclub and Nightclub" located within Defendants' "Palms Casino Resort."

**FACTS COMMON TO ALL CLAIMS**

16. On or about November 5, 2019, Plaintiff and members of the Class were given notice for the very first time that the "KAOS Dayclub and Nightclub" would be closing and that therefore "all KAOS positions will be eliminated within the next 60 days." *See* a true and correct copy of Defendants' November 5, 2019 letter attached hereto as Exhibit I.

17. In such November 5, 2019 letter, Defendants offered Plaintiff and those similarly situated a "choice" to either "not continue employment [and] elect to have their position eliminated as of Friday, November 8, 2019" or to "continue to work on an on-call basis." *Id.*

18. At no time were Plaintiff and members of her class given lawful notice of the closing of the KAOS Dayclub and Nightclub and/or termination of their employment.

19. Plaintiff is informed and believes that, at a minimum, at least 100 other employees who worked at Defendants' KAOS Dayclub and Nightclub also failed to receive sufficient notice before the respective location was closed and they were laid off/terminated. Combined, these terminated employees comprise the Class.

## CLASS ACTION ALLEGATIONS

20. Plaintiff, the Class Representative, and the Class allege and incorporate by reference the allegations in the preceding paragraphs.

21. With respect to the claims brought under the WARN Act, 29 U.S.C. § 2101 *et seq.*, the Class Representative seeks to represent the following class of persons: those persons who have been employed by Defendants since November 6, 2017 through and including the present, who were not given proper notice of a mass layoff and/or plant closing under the WARN Act (hereinafter the "Class" or "WARN Class").

22. The Class Representative satisfies this definition and therefore seeks certification of this lawsuit as a class action in order that his rights and those of the Class, insufficient notice and any other damages, be resolved.

23. This action is brought pursuant to the class action provisions of Fed. R. Civ. P. 23 because the Class is so numerous that joinder of all Class Members is impracticable. While the precise number of Class Members has not been determined at this time, upon information and belief, Defendants employed over one hundred (100) people at all material times hereto who satisfy the Class definition. The Class Representative and the Class Members have been equally affected by Defendants'

failure to provide the required notice.

24. Furthermore, those Class members previously employed by Defendants may now be reluctant to raise individual claims for fear of retaliation by Defendant.

25. The issues involved in this lawsuit present common questions of law and fact, and these common questions of law and fact predominate over the variations which may exist between members of the class, if any. These common questions of law and fact include, without limitation:

    a) Whether Defendants unlawfully failed to provide sufficient notice in violation of the WARN Act, 29 U.S.C. § 2101 *et seq.*;

    b) The proper measure of damages sustained by the Class Representative and the Class Members.

26. The Class Representative, Class Members, and Defendants, have a commonality of interest in the subject matter and remedy sought. The Class Representative is able to fairly and adequately represent and protect the interests of the Class. The Class Representative, like other members of the Class, was subjected to insufficient notice under the WARN Act. Also, the nature and terms of Plaintiff's employment, duties and history with Defendants are typical of the duties of the Class members. Finally, Plaintiff's Counsel is competent and experienced with regard to complex civil litigation (including, but not limited to, class actions).

27. Individual actions by each member of the class injured or affected would result in a multiplicity of actions, creating a hardship to the Class Members, the Court, and Defendant. The damages suffered by the individual Class members are small compared to the expense and burden of vigorous individual prosecution of this litigation against Defendant. Accordingly, a class action is the superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

///

**COUNT I**
**WARN Act Violation - 29 U.S.C. § 2101** *et seq.*

28.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

29.     Defendants; preceding acts violated the WARN Act, 29 U.S.C. § 2102, in that Defendants failed to give any notice to the affected employees and/or any of the various government agencies to which they were required by law to give notice, in writing, at least 60 days prior to the termination and/or layoffs.

30.     Defendants' employees—like Plaintiff– were terminated and/or laid off without the statutorily required 60-day notice are aggrieved and entitled to remedies provided by law.

31.     As a direct and proximate result of Defendants' violations, Plaintiff - and others similarly situated - have suffered damages in excess of $15,000.

32.     Plaintiff has retained the services of an attorney to represent him in this action and, as such, is entitled reimbursement for reasonable attorneys' fees and costs.

33.     Plaintiff - and others similarly situated - further seeks:

   a.     Back pay for each employee of Defendants terminated or laid off without 60-day notice pursuant to 29 U.S.C. § 2104(a)(1)(A);

   b.     Benefits for each employee pursuant to 29 U.S.C. § 2104(a)(1)(B);

   c.     Civil penalties of $500 per day for each day of the violation pursuant to 29 U.S.C. § 2104(3);

   d.     Reasonable attorneys' fees pursuant to 29 U.S.C. § 2104(a)(6);

   e.     Costs of the suit.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests this Court enter an Order in his favor as follows:

   1.     For an award of damages in an amount to be determined at trial;

   2.     For attorney's fees, interest, costs; and,

3. For such further relief as the Court may deem just and proper.

Dated this 6th day of November 2019.

                                        Respectfully submitted,

                                        GABROY LAW OFFICES

BY:   */s/ Christian Gabroy*
        Christian Gabroy #8805
        Kaine Messer #14240
        The District at Green Valley Ranch
        170 South Green Valley Pkwy, Suite 280
        Henderson, NV 89012
        Tel   (702) 259-7777
        Fax  (702) 259-7704
        christian@gabroy.com
        kmesser@gabroy.com
        *Attorneys for Plaintiff Alyssa Faulstick*